IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA WEREKO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2023-CV-651 |
| vs. | ) | |
| | ) | Hon. Martha M. Pacold |
| WESTWARD360, et. al., | ) | Judge Presiding |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) & 12(b)(6)**

NOW COMES Defendant, Gretchen L. Peterson, by her counsel, Kimberly M. Foxx, State's Attorney of Cook County, and through her assistant, Edward M. Brener, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and replies in support of her Motion to Dismiss Plaintiff's Complaint ("Complaint"). Defendant now states as follows:

**THIS COURT LACKS SUBJECT-MATTER JURISDICTION
OVER PLAINTIFF'S CLAIMS**

This court lacks jurisdiction to hear Plaintiff's claims, both because they demand an improper review of a state court judgment entered against her, and because she lacks standing to appear before this court. Nevertheless, Plaintiff insists this court can hear her claims. Plaintiff's analysis is wrong, and her Complaint should be dismissed.

**The Rooker-Feldman Doctrine Bars Plaintiff's Claims.**

Plaintiff insists that the Rooker-Feldman doctrine does not apply to her complaint. In support, Plaintiff proposes her own test which expressly contradicts the holding in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), for which she relies on the dissenting opinion therein. Plaintiff argues that federal courts may review state court judgments so long as the federal Plaintiff alleges "(un)written practices, policies or norms" which "cause constitutional deprivations" as

Page **1** of **11**

Plaintiff purports to have done here. Pl.'s Resp. (Dkt. 80) at 4. The *Feldman* Court never adopted such a rule, and Plaintiff offers no authority in support of her position.

Plaintiff twice misrepresents *Feldman*, first by cherry-picking an out of context statement from the opinion and appending a legal test of her own making, and second by citing from Justice Stevens's dissent as though the language is controlling. Plaintiff misleadingly quotes part of a statement conferring jurisdiction on federal courts to decide a facial constitutional challenge to the actions of a state court acting in a non-judicial proceeding. *Feldman*, 460 U.S. at 487. Plaintiff's creative editing results in the following assertion of law: "[T]he Supreme Court also held a 'District Court has jurisdiction over the elements of [complaints] involving a general attack on the constitutionality of….[a] rule' or (un)written practices, policies or norms[1]..." Pl.'s Resp. at 4. The Supreme Court did not announce such a rule. The Court held that federal courts *could not* review constitutional challenges to state court decisions in cases arising out of judicial proceedings. *Feldman*, 460 U.S. at 486 (emphasis added). Plaintiff repeatedly asserts that the state court proceedings violated her constitutional rights, but even if that were true, it would not entitle this court to stand in judgment over its state court peers.

In support of her proposed 'constitutional challenge' exception to Rooker-Feldman, Plaintiff cites to a quote from Justice Stevens's dissent in *Feldman*. Pl.'s Resp., at 5. Plaintiff fails to identify the quoted language as drawing from the dissenting opinion, an act that may be sanctionable. *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F. 2d 274, 280 (7th Cir. 1989) (noting that a party may be sanctioned if it deliberately misstates unfavorable case law). It is unsurprising that

---

[1] The full quote from *Feldman* is as follows: "In deciding that the District Court has jurisdiction over those elements of the respondents' complaints that involve a general challenge to the constitutionality of Rule 46I(b)(3), we expressly do not reach the question of whether the doctrine of res judicata forecloses litigation on these elements of the complaints. We leave that question to the District Court on remand." *Feldman*, 460 U.S. at 487-88.

Plaintiff prefers the dissent. If Justice Stevens's view were the law, Plaintiff's claim might not be barred by the Rooker-Feldman doctrine. Nevertheless, this court has no authority to rely on a dissent which contradicts the binding Supreme Court law announced in the same opinion. Plaintiff is wrong to try and deceive this court to survive Defendant's motion to dismiss.

Plaintiff also references *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), which Defendant agrees narrowed the scope of Rooker-Feldman. This case remains squarely within the scope of the doctrine because it is inextricably linked with the state court's determination. *Kelly v. Med-1 Solutions, LLC*, 548 F. 3d 600 (7th Cir. 2008). Plaintiff's claims were defeated in state-court, and she now seeks declaratory and injunctive relief finding that the Defendant violated her constitutional and statutory rights resulting in the Illinois appellate court's affirming the allegedly tortious judgment against her. See generally, Pl.'s Compl. (Dkt. 5). Plaintiff calls the judgment "invalid" eighteen times throughout her complaint and attacks not only the process but also the outcome of the state court proceedings against her. *Id.* Plaintiff's complaint is barred by Rooker-Feldman and subject to dismissal for lack of subject-matter jurisdiction.

Plaintiff makes several other unavailing arguments against the Rooker-Feldman doctrine. Plaintiff complains that she did not attach the "invalid state eviction order" to her complaint (Pl.'s Resp., at 4), but a court may consider evidence outside the four corners of the complaint in determining whether it has subject-matter jurisdiction. *Capitol Leasing Co. v. FDIC*, 999 F. 2d 188, 191 (7th Cir. 1993). Plaintiff attempts to distinguish her claim by asserting the "invalid eviction order" was entered before Defendant's allegedly tortious behavior (Pl.'s Resp., at 7) but ignores that Defendant Peterson's purported involvement occurred before the allegedly tortious appellate ruling against her by the defendant judges. The purpose of Plaintiff's reliance on *Akbar v. Calumet City* is unclear given that the Seventh Circuit did not consider a Rooker-Feldman issue in that case. *Akbar v. Calumet City*, 632 Fed. App'x. 868 (7th Cir. 2015). All of Plaintiff's arguments fail. Defendant

Page 3 of 11

Peterson is entitled to dismissal of all claims because Plaintiff's complaint is barred by the Rooker-Feldman doctrine.

### Plaintiff lacks Article III Standing.

Plaintiff has not suffered any injury in fact, there is no causal connection between the purported injuries Plaintiff claims and Defendant Peterson, and it is entirely speculative that Plaintiff could receive redress for her so-called injury from Defendant Peterson. Plaintiff therefore lacks Article III Standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Rather than affirmatively establish her claim to standing, Plaintiff muddies the waters with incoherent arguments and conclusory allegations of unsupported facts which she maintains entitle her to appear before this court. Plaintiff is wrong, and her complaint must be dismissed.

A. Plaintiff suffered no injury in fact.

Plaintiff concedes that she believes the appellate court proceeding was rigged against her but maintains that Defendant Peterson is still liable because she "plausibly knew" that she could assist the appellate panel in its skullduggery by undermining the record on appeal. Pl.'s Resp. at 9. There are two obvious problems with this assertion, both of which independently defeat Plaintiff's claims. Notice pleading requires factual allegations which raise Plaintiff's right to relief "above the speculative level" which is "plausible on its face". *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Plaintiff's allegation that Defendant Peterson had "plausible" awareness of the appellate court's allegedly corrupt intent is speculation. That allegation fails the *Twombly* test. And logic requires that Defendant Peterson's actions could not have affected the outcome of Plaintiff's appeal if, as Plaintiff believes, the outcome of her appeal was rigged against her.

Plaintiff argues that the record on appeal in her underlying claim was "corrupted/altered" and therefore "not salvageable." Pl.'s Resp. at 9. Plaintiff does not elaborate on what was corrupted or altered in the record on appeal which was ultimately considered by the Illinois appellate court. *Id*. In

her Complaint, Plaintiff listed documents which she believes were not initially included in the record on appeal or were only partially legible (Pl.'s Complaint at ¶ 90), but never conclusively indicates whether any of those documents were part of the supplemental record which the appellate court accepted. She offers nothing in support of her claim that the records were altered or corrupted, only that some were missing or partly obscured. *Id.*

Even assuming some of these records did not make it into the supplemental record on appeal (a conclusion which is not supported by the allegations in Plaintiff's Complaint), there is no evidence that their absence impacted the outcome in any way. The appellate court affirmed the trial court's rulings that it had jurisdiction over the subject matter and over Ms. Wereko personally, that the condo association proved it was entitled to possession of the unit, and that various other attempts to void the trial court's order or impose sanctions on the association were without merit. *Greenview Gardens v. Wereko*, 2022 IL App (1st) 210222-U. The appellate court's reasoning establishes that none of the alleged altered or corrupted records impacted the outcome. The appellate court found it had subject-matter jurisdiction because there was a justiciable dispute between the parties under Illinois law. *Id.* at P*50. The appellate court likewise found personal jurisdiction because, while Ms. Wereko objected to jurisdiction, she subsequently forfeited her objection by participating in the litigation through her motion practice and involvement at trial. *Id.* at P*55. None of the documents Plaintiff complains were altered could have impacted either ruling. The appellate court applied an extremely deferential standard of review – against the manifest weight of the evidence – for its review of the trial court's finding that the association showed a right to possession. *Id.* at P*60-61. The appellate court accepted that Ms. Wereko had sent a cashier's check to the association, but it also accepted the trial court's finding of fact that the check contained a restrictive endorsement and was insufficient to fully pay off her account owed to the association. *Id.* at P*62. Even if the image of the check in the record on appeal were obscured, that would not have changed the panel's affirmation of the trial

court's findings of fact. The appellate court similarly rejected Plaintiff's appeals of the judgment for attorney's fees, her denied motion to reconsider, and two requests for sanctions as being legally insufficient. *Id.* at P*71-89.

None of the purportedly altered records, including images of and proof of service of the cashier's check, copies of motions with missing orders, and a missing transcript from a date following the trial, could have altered the appellate court's ruling. As a result, even if this court accepts Plaintiff's unsupported claim that her record on appeal was tampered with, she has still suffered no injury because the outcome of her appeal would have been the same.

Finally, the redressability of Plaintiff's claims remains exclusively speculative. Plaintiff opines that it is "plausible" that she will have further interactions with Cook County government (not Defendant Peterson), and that there are undefined "certain retaliatory acts, already in motion" that an injunction will rectify. Pl's Resp., at 10. Plaintiff does not identify how she has been retaliated against or the likelihood that the alleged retaliation will continue absent injunctive relief, nor does she allege that Defendant Peterson is participating in the retaliation. *Id.* Conclusory allegations of fact are not entitled to the presumption of truth, and this court is not required to find inferences favorable to the Plaintiff where none are readily apparent. *Virnich v. Vorwald*, 664 F. 3d 206, 212 (7th Cir. 2011). Plaintiff's retaliation claim is facially not plausible. In lieu of colorable evidence of retaliation, Plaintiff concludes that the phrase "retaliatory acts" alone satisfies her burden of showing redressability. This court should disregard her retaliation claim, which is entitled to no deference.

B. <u>Plaintiff's "injuries" are not attributable to Defendant Peterson.</u>

Plaintiff ignores this prong of standing. However, even if this court credits Plaintiff's speculation of Defendant Peterson's plausible awareness of the appellate court's malicious intent, that does not establish any causal connection between the allegedly corrupted record and the appellate court's ruling, and Plaintiff never asserts (or offers evidence) that Defendant Peterson was involved

with the preparation of the record on appeal. See generally Pl.'s Complaint. None of the alleged harms are attributable to Defendant Peterson.

### C. This Court cannot redress Plaintiff's "injuries."

Plaintiff claims that her so-called injuries are redressable by Defendant Peterson because Plaintiff elected to sue Defendant in her official capacity, before concluding that official capacity standing establishes her standing to sue Defendant personally. Pl.'s Resp., at 9. Plaintiff does not explain how the Clerk of the Circuit Court can redress her injuries, nor does she offer any authority for the proposition that standing to sue the government equates to standing to sue Defendant Peterson personally. *Id.* Plaintiff appears to argue for a *Monell* claim against the Clerk of the Circuit Court. Pl.'s Resp., at 10. That would constitute a brand-new theory of recovery which is not part of her complaint and is therefore not before this court. See generally, Pl.'s Compl. What's more, even if Plaintiff had pleaded a *Monell* claim, Defendant has already explained why such a claim necessarily fails. Def.'s mot. to dismiss, at 16-17. *Monell* does not save Plaintiff, and she has not established that her alleged injuries are redressable by a favorable outcome.

Plaintiff has not established any element of standing. As a result, this court lacks subject-matter jurisdiction and should dismiss Plaintiff's complaint.

## PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT PETERSON UPON WHICH RELIEF MAY BE GRANTED

Plaintiff offers no specific rebuttal to the lack of proximate cause between her claimed injuries and the Defendant's actions, instead referring to her earlier argument on standing. Pl.'s Resp., at 11. Plaintiff has waived any further objection to this argument and Defendant stands on the argument in her motion to dismiss. Def.'s mot. to dismiss, at 9-11. Because there is no proximate cause between the purported injuries and Defendant's conduct, the court should find for Defendant and dismiss Plaintiff's complaint, with prejudice. *Lekas v. Briley*, 405 F. 3d 602, 615 (7th Cir. 2005) (Nonmovant

waives her objection to a defense raised in a motion to dismiss by failing to rebut with legal argument or relevant authority).

Plaintiff's objections to her failure to plead an FHA claim do not establish an FHA violation. Defendant correctly argued that Plaintiff has not alleged any evidence of either disparate treatment or disparate impact which could support Plaintiff's claim. Def.'s mot. to dismiss, at 10-11. In lieu of presenting facially plausible evidence of housing discrimination, Plaintiff declares that there is a "plausible inference of opportunities" for Defendant Peterson to learn of Plaintiff's membership in a protected class because Plaintiff has other business with the Clerk of the Circuit Court. Pl.'s Resp., at 11. That contention is not a facially plausible fact, and Plaintff's use of the word "plausible" does not make it so. *Twombly*, 550 U.S. at 555. This argument deserves no deference from this court and should be ignored. *Virnich*, 664 F. 3d at 212.

Even if Plaintiff had evidence that Defendant Peterson knew she was a member of a protected class, she failed to allege proof of discriminatory intent necessary to establish disparate treatment under the FHA, or any of the elements which establish disparate impact. See generally Pl.'s Resp. Plaintiff presented no evidence (or even cursory argument) showing Defendant's actions caused a discriminatory effect, that Defendant acted with discriminatory intent, that Defendant had an interest in taking the actions complained of, or that Defendant ever interfered with her private property rights. *Metropolitan Hous. Dev. Corp. v. Village of Arlington Heights*, 558 F. 2d 1283, 1290 (7th Cir. 1977). There is nothing in Plaintiff's response to support her FHA claim and Plaintiff's failure to affirmatively rebut Deendant's argument means she has waived any objection thereto. *Lekas*, 405 F. 3d at 615. Plaintiff hasn't alleged a claim for violation of the FHA on which relief may be granted. The FHA claims should be dismissed with prejudice.

Plaintiff also does not offer any argument in support of her claim that her Due Process rights were violated. Due Process entitles Plaintiff to notice and an opportunity to be heard. *Link v. Wabash*

*R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff insists that her theory of recovery is clear and supported by the allegations in her complaint (Pl.'s Resp., at 13) but does not explain the due process she was entitled to but denied. *Id.* Plaintiff's own complaint demonstrates that she received ample notice and a hearing before the appellate court. Pl.'s Compl., at ¶¶ 87-90 95-96. Plaintiff's due process rights are satisfied. This court should find that she has not stated a due process claim upon which relief may be granted, and that claim should be dismissed with prejudice.

Plaintiff failed to directly respond to Defendant's argument that *respondeat superior* constitutional tort claims are barred by *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), instead wrongly claiming that she has adequately alleged Defendant's personal involvement in the purported torts committed against her. Pl.'s Resp., at 13. For the reasons discussed above and in the motion to dismiss, Plaintiff has not pleaded facially plausible facts alleging that Defendant Peterson was personally involved in the actions that form the basis for Plaintiff's claim, which implies that Plaintiff seeks liability against Defendant Peterson in her role as supervisor. Plaintiff's failure to respond to the *respondeat superior* argument again constitutes Plaintiff's waiver of that claim. *Lekas*, 405 F. 3d at 615. Therefore, even if this court finds that Plaintiff has stated a due process claim generally, Defendant is entitled to dismissal of that claim because a supervisor may not be held liable for the constitutional torts of her subordinates. *Monell*, 436 U.S. at 691.

### PLAINTIFF CANNOT OBTAIN INJUNCTIVE RELIEF FOR HYPOTHETICAL FUTURE INJURIES TO THIRD PARTIES

Plaintiff's personal capacity and official capacity requests for an injunction should both be dismissed. Both temporary and permanent injunctions require Plaintiff to show that she will suffer irreparable harm should the injunction be denied. See *St. John's United Church of Christ v. City of Chicago*, 502 F. 3d 616, 625 (7th Cir. 2007); See also *e360 Insight v. Spamhaus Project*, 500 F. 3d 594, 604 (7th Cir. 2007). Plaintiff advances two erroneous arguments for injunctive relief. First,

Plaintiff claims that the requested relief will offer future benefits to third parties, and second, that there is some possibility of future injury so long as she has business with Cook County. Pl.'s Resp., at 10. Plaintiff is unambiguously barred from injunctive relief on these grounds. This is not a class action and Plaintiff may not advance the hypothetical future injuries of third parties in this litigation, nor may she be awarded injunctive relief based on idle speculation as to her own future injuries.

Plaintiff also asserts that her official capacity injunctive claim survives because she intended to sue the "Civil Appeals Division", and not the Clerk of the Circuit Court of Cook County. Pl.'s Resp., at 9-10. Not only does this position offer Plaintiff no relief, it creates a new barrier to recovery. Plaintiff cannot sue the Civil Appeals Division because it has no separate legal existence apart from the Clerk of the Circuit Court of Cook County, and accordingly is not a suable entity. See, e.g., *Jackson v. Cook Cty. Sheriff Police Dep't*, 2004 U.S. Dist. LEXIS 23312 (N.D. Ill., November 16, 2004) (holding that departments within a government body have no separate legal existence and are not subject to suit). If this court were to adopt Plaintiff's position, her claim would be further subject to dismissal because a department of the Clerk of the Circuit Court may not be sued.

There are additional elements of the tests for temporary and permanent injunctive relief which Defendant discussed at length in her motion. Def.'s mot. to dismiss, at 17-19. Plaintiff bears the burden of proof for each element, but failed to address any of them (See generally, Pl.'s Resp.) and has waived any objection to Defendant's arguments. *Lekas*, 405 F. 3d at 615. Her claim for injunctive relief should be dismissed with prejudice.

### PLAINTIFF HAS WAIVED ANY OBJECTION BASED ON HER OFFICIAL CAPACITY CLAIMS UNDER THE FHA AND THE FOURTEENTH AMENDMENT

Plaintiff offers no analysis to substantiate her official capacity FHA or due process claims. Instead, she is exclusively focused on her erroneous conclusion that she sued the Civil Appeals Division of the Clerk of the Circuit Court of Cook County, rather than the Clerk of the Circuit Court's

office. Pl.'s Resp., at 13-14. Plaintiff's failure to directly respond to either argument is fatal because she has waived those arguments in favor of the Defendant. *Lekas*, 405 F. 3d at 615. Even if Plaintiff were correct that the official capacity defendant is a division of the clerk of court, rather than the clerk's office itself, the outcome would still be the same because she has not shown any evidence or raised any argument showing the division violated her rights under either the FHA or the Due Process clause of the Fourteenth Amendment.

## CONCLUSION

Plaintiff's complaint should be dismissed with prejudice. Plaintiff believes that her speculation, supported by nothing more than grievances over the underlying eviction lawsuit, should allow her to maintain a federal civil rights lawsuit against Defendant Peterson. Plaintiff is wrong. This court does not have the threshold jurisdiction over the subject matter of Plaintiff's claims, and there is nothing in Plaintiff's complaint to support any of her claims against the Defendant. This court should decline to entertain Plaintiff's baseless allegations. Defendant Peterson is entitled to be dismissed for every single reason argued in the motion to dismiss and the complaint should be dismissed with prejudice.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award any further relief that this Court deems fair and just.

Respectfully submitted,

KIMBERLY FOXX
State's Attorney of Cook County

By: /s/ *Edward M. Brener*
Edward M. Brener
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5971
Edward.brener@cookcountyil.gov